UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER, et al., | CASE NO.   1:09-cv-2123-MJS (PC) |
| Plaintiffs, | ORDER SEVERING PLAINTIFF'S CLAIMS AND DIRECTING CLERK TO OPEN NEW CASES FOR PLAINTIFFS FERGUSON, BROWN, VILLA, ARRANZA, GRISSOM, MAJOR, AND GAMEZ |
| v. | |
| P.L. VAZQUEZ, et al., | |
| Defendants. | (Doc. 1) |
| / | |

**I.    Severance of Plaintiffs' Claims**

Plaintiffs Harold Walker, Joshua Fergerson, Willie Brown, Raymond Villa, Jose Arranza, Vincent Grissom, Tim Major, and Raymond Gamez are state prisoners proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. After reviewing the record in this action, the Court has determined that each Plaintiff should proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "any claim against a party may be severed and proceeded with separately."  Courts have broad discretion regarding severance.  See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

In the instant action, all eight Plaintiffs are in the custody of the California Department of Corrections.  In this Court's experience, an action brought by multiple

plaintiffs proceeding pro se in which one or more of the plaintiffs is incarcerated presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals. In this case, the need for the Plaintiffs to agree on all filings made in this action and the need for all filings to contain the original signatures of all eight plaintiffs will lead to delay and confusion.

Accordingly, the Court shall order Plaintiffs' claims severed. Plaintiff Walker will proceed in this action, while Plaintiffs Fergerson, Brown, Villa, Arranza, Grissom, Major and Gamez will proceed in separate civil actions to be opened by the Clerk of the Court. Each Plaintiff shall proceed separately and shall be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new actions to the same magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Since the claims of Plaintiffs Fergerson, Brown, Villa, Arranza, Grissom, Major and Gamez will be severed, each Plaintiff shall be given thirty days to file, in his own action, an amended complaint and a completed application for leave to proceed in forma pauperis, using the forms provided by the court with this order.

## II.     **Plaintiff Walker's Application to Proceed In Forma Pauperis**

Plaintiff Walker has filed an application to proceed in forma pauperis [Doc. 4] correctly filled out and signed by a prison official. In addition, the form was accompanied by a certified copy of Plaintiff Walker's prison trust account statement for the six month period immediately preceding the filing of the complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff Walker shall proceed as the sole plaintiff in case number 09-cv-2123-MJS (PC);

2.      The claims of Plaintiffs Fergerson, Brown, Villa, Arranza, Grissom, Major and

1 | Gamez are severed from the claims of Plaintiff Walker;

2 |     3.    The Clerk of the Court is directed to:

        a.    Open seven separate civil actions for Plaintiffs Fergerson, Brown, Villa, Arranza, Grissom, Major and Gamez;

        b.    Assign the new actions to the magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

        c.    File and docket a copy of this order in the new actions opened for Plaintiffs Fergerson, Brown, Villa, Arranza, Grissom, Major and Gamez;

        d.    Place a copy of the complaint filed on December 7, 2009 in the instant action in the new actions opened for Plaintiffs Fergerson, Brown, Villa, Arranza, Grissom, Major and Gamez;

        e.    Send Plaintiffs Fergerson, Brown, Villa, Arranza, Grissom, Major and Gamez each an endorsed copy of the Complaint, filed December 7, 2009, bearing the case number assigned to his own individual action;

        f.    Send Plaintiffs Fergerson, Brown, Villa, Arranza, Grissom, Major and Gamez each a civil rights complaint form; and

        g.    Send Plaintiffs Fergerson, Brown, Villa, Arranza, Grissom, Major and Gamez each an application to proceed in forma pauperis by a prisoner;

    4.    Within thirty (30) days from the date of service of this order, Plaintiffs Fergerson, Brown, Villa, Arranza, Grissom, Major and Gamez shall each file an amended complaint bearing his new case number and either pay the filing fee in full or submit a completed application to proceed in forma pauperis bearing his new case number; and

    5.    The failure to comply with this order will result in a recommendation that the action be dismissed.

IT IS SO ORDERED.

Dated:    June 22, 2010        /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE