UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HAROLD WALKER, | | CASE NO. 1:09-cv-02123-MJS (PC) |
| | Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| v. | | (ECF No. 1) |
| P.L. VAZQUEZ, et al., | | AMENDED COMPLAINT DUE SEPTEMBER 6, 2011 |
| | Defendants. | |

## SCREENING ORDER

### I. PROCEDURAL HISTORY

On December 7, 2009, Plaintiff Harold Walker, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 4). Plaintiff's Complaint is before the Court for screening.

### II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### III. PLAINTIFF'S CLAIMS

P.L. Vazquez, Warden, Jane Doe and John Doe, Associate Wardens, John Doe, Facility Captain, and J. Ortega, Correctional Counselor II and Appeals Coordinator, are all

named defendants in this action.

Plaintiff alleges the following occurred at Wasco State Prison:

On November 9, 2009, a fight occurred in Building 4 of Facility D between Black inmates and Hispanic inmates affiliated with the Bulldog prison gang. Plaintiff was housed in Building 5 of Facility D and was not involved in the fight. In response to the fight, the Defendants confined to their cells Black inmates and Bulldog affiliated Hispanic inmates then living in Building 5 of Facility D. Plaintiff was among those confined. As a result of his confinement, Plaintiff was deprived of access to the yard, day room, and canteen from November 9, 2009, when the fight occurred, until at least December 7, 2009, when this Complaint was filed. During this period Plaintiff and the other inmates subject to this lock down were confined to their cells. The only inmates so restricted were Black prisoners and Bulldog affiliated Hispanic prisoners housed in Building 5 of Facility D. Caucasian and non-Bulldog affiliated Hispanic inmates were not subject to the cell confinement.

Two of Plaintiff's appeals regarding the lockdown conditions were attached[1] to the Complaint as Exhibits 1 and 2. Exhibit 1 is an appeal dated October 22, 2009, more than two weeks prior to the fight described in the body of the Complaint. The appeal marked as Exhibit 1 makes no mention of a fight. There are no facts in the body of the Complaint that connect the alleged violations to the Exhibit 1 appeal; therefore, the Court will disregard Exhibit 1 as an unrelated claim.[2]

Exhibit 2 is an appeal filed by Plaintiff after November 9, 2009 that refers to an altercation in Building 4 of Facility D as the catalyst for cell confinement. In this appeal Plaintiff asserts "being subjected to cruel and unusual punishment by being denied at least 10 hours a week of exercise time on the yard plus at least 10 hours a week of out of cell

---

[1] "[A] 'court may consider material that the plaintiff properly submitted as part of the complaint . . . .'" Davis v. Calvin, 2008 WL 5869849, *2 (E.D. Cal. Oct. 1, 2008) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

[2] Because the appeal marked as Exhibit 1 predates the events described in the body of the Complaint and there are no facts that link the two separate lockdowns, the claims are unrelated and therefore prohibited. Fed. R. Civ. P. 18(a).

time or day room time." (Compl. at 12). Exhibit 2 is not inconsistent with the allegations in the body of the Complaint; a prisoner confined to his cell is also denied at least ten hours of out-of-cell time. The Court will proceed with this Screening Order considering the body of the Complaint (Compl. at 1-7) and Exhibit 2 (Compl. at 11-15).[3]

Plaintiff alleges that imposition of the above restrictions on him violated his Eighth Amendment right to be free from cruel and unusual punishment and were imposed without Due Process. In addition, although not specifically alleged, the facts pled could be read to give rise to a possible Equal Protection claim. The Court will address each claim below.

### A.     Section 1983 Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of

---

[3] As discussed below, the Complaint does not state a cognizable claim because there were no factual allegations that linked a named Defendant with an alleged violation. If Plaintiff chooses to amend, his claims would benefit from an explanation as to why the appeal dated October 22, 2009, attached as Exhibit 1, is connected to the violations alleged in the body of the Complaint. In addition, the Court may be able to better understand Plaintiff's allegations if the amended complaint is explicit in describing the lockdown conditions.

1  Plaintiff's federal rights.

2      The Complaint does not link any Defendant to the alleged violations. Plaintiff
3  simply asserts that Wasco, as an institution, knowingly violated his constitutional rights
4  (Compl. at 8) and he attributes allegedly wrongful conduct to an unnamed "Defendant",
5  "Defendants" (Compl. at 4), or, later, to "staff". (Compl. at 12). There are no factual
6  allegations that tie a single Defendant to any of the offenses alleged. Attributing liability
7  to "Defendants" generally does not meet the pleading standard. See, e.g., K'napp v.
8  Yates, 2009 WL 2246781, *2 (E.D. Cal. July 28, 2009).

9      The Court will grant Plaintiff leave to amend his complaint so that he might
10 undertake to link specifically identified Defendants to the alleged wrongful conduct. This
11 is the initial threshold that must be crossed before the Court can reach the merits of the
12 Complaint. To state a claim against any of the named Defendants, Plaintiff must set forth
13 sufficient truthful facts to show that each named Defendant **personally** took some action
14 that violated Plaintiff's constitutional rights. If he cannot do that with regard to a specific
15 Defendant or Defendants, he should not proceed against that Defendant(s). The mere fact
16 that some of the Defendants may have supervised those responsible for the alleged
17 violations is not enough.

18     The Complaint does not state a cognizable claim because no factual allegations link
19 any Defendant to the alleged constitutional violations. Nevertheless, the following sections
20 of this Screening Order will set out legal standards which must be met if the Plaintiff wishes
21 to pursue any of the three claims it appears Plaintiff may have attempted or desired to
22 assert. Should Plaintiff chose to amend, he is encouraged to focus on including sufficient
23 truthful factual allegations to satisfy these legal standards and section 1983's linkage
24 requirement.

25     **B.    Eighth Amendment Cruel and Unusual Punishment**

26     Plaintiff alleges that being prohibited from moving freely in a day room or yard
27 constitutes cruel and unusual punishment in violation of the Eighth Amendment.

28     The Constitution does not mandate comfortable prisons, but neither does it permit

inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The Eighth Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care, and personal safety. See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

Exercise is one of the basic human necessities protected by the Eighth Amendment. Wilson v. Seiter, 501 U.S. 294, 304 (1991) (regular exercise). Some form of regular exercise, including outdoor exercise, "is extremely important to the psychological and physical well being" of prisoners. Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979). Prison officials therefore may not deprive prisoners long-term of regular outdoor exercise. Id.

The Court construes Plaintiff's claim of a deprivation of fresh air and yard time as a claim of denial of outdoor exercise. Deprivation of necessities by a prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer, 511 U.S. at 834 (citing Wilson, 501 U.S. at 298), and (2) the prison official possesses a sufficiently culpable state of mind. Id. (citing Wilson, 501 U.S. at 297). In determining whether a deprivation of a basic necessity, such as outdoor exercise, is sufficiently serious to satisfy the objective component, a court must consider the circumstances, nature and duration of the deprivation. Spain, 600 F.2d at 199. To satisfy the subjective component, the requisite state of mind depends on the nature of the claim. In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." See, e.g., Farmer, 511 U.S. at 834 (inmate safety).

In Spain, the Ninth Circuit held that the deprivation of outdoor exercise constituted cruel and unusual punishment where the inmates were confined to continuous segregation

-6-

for a period of over four years under harsh conditions. 600 F.2d at 189. The plaintiffs were in continuous segregation, spending virtually twenty-four hours a day in their cells. Id. They had little contact with other people, lived in degrading conditions, and there was an atmosphere of fear and apprehension. Id. In addition, the prison provided no programs of training or rehabilitation. Id.

The Ninth Circuit has explained that a prison's decisions to order temporary lockdowns in response to an emergency situation or to ease those restrictions "are delicate ones, and those charged with them must be given reasonable leeway." Hayward v. Procunier, 629 F.2d 599, 603 (9th Cir. 1980) (citations omitted). A prison lockdown may not violate the Eighth Amendment where it is necessitated by an emergency, the lockdown is not indefinite in duration, and restrictions are eased as the emergency permits. Id.; see Norwood v. Vance, 591 F.3d 1062, 1069-70 (9th Cir. 2010). Courts have found that even lockdowns which deny prisoners out-of-cell exercise for extended periods of time do not necessarily violate the Eighth Amendment. See Norwood, 591 F.3d at 1065-66, 1069-70 (finding no violation where the prisoner was denied out-of-cell exercise for increments of time which totaled almost thirteen out of twenty-four months); Hayes v. Garcia, 461 F.Supp.2d 1198, 1202-03 (S.D. Cal. 2006) (holding that there was no Eighth Amendment violation where there was a nine-month lockdown with gradual return of normal programming within that amount of time); Jones v. Garcia, 430 F.Supp.2d 1095, 1108-11 (S.D. Cal. 2006) (holding that the subjective element of the prisoner's claim was not satisfied by allegations of a lockdown that lasted nearly nine months because it was prompted by extreme and repeated violence); Hayward, 629 F.2d at 600, 603 (finding a five-month lockdown did not violate the Constitution because it was temporary in nature and imposed in response to an emergency situation).

Therefore, to state a claim, Plaintiff must allege sufficient facts showing, in accord with the guidance provided by the above cases: (1) that the deprivation he suffered (e.g. access to programming, outdoor exercise) was, objectively, sufficiently serious; (2) identify the prison official(s) responsible for that deprivation; and (3) show how each official

possessed a sufficiently culpable state of mind.

### C.    Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 545 U.S. 209 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id.; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Being confined to one's cell does not necessarily rise to the level of atypical and significant hardship. Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). Without establishing the existence of a protected liberty interest, plaintiff may not pursue a claim based on denial of procedural due process.

### D.    Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be

treated alike. <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated against him on the basis of the plaintiff's membership in a protected class. <u>See</u>, <u>e.g.</u>, <u>Lee</u>, 250 F.3d at 686. Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the plaintiff has made no allegation that he is a member of a protected class or that the defendant acted on the basis of his status as a member of a protected class, he may only establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000); <u>San Antonio School District v. Rodriguez</u>, 411 U.S. 1 (1972); <u>Squaw Valley Development Co. v. Goldberg</u>, 375 F.3d 936, 944 (9th Cir. 2004); <u>SeaRiver Mar. Fin. Holdings, Inc. v. Mineta</u>, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. <u>Village of Willowbrook</u>, 528 U.S. at 564.

## IV.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. <u>Iqbal</u>, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" <u>Id.</u> at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. <u>Jones</u>, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it

is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint filed December 7, 2009;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint by September 6, 2011; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:    July 29, 2011                    /s/ *Michael J. Seng*
ci4d6                                      UNITED STATES MAGISTRATE JUDGE

-10-